

**ORDERED in the Southern District of Florida on September 29, 2011.**

_John K. Olson, Judge_
_United States Bankruptcy Court_

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
**www.flsb.uscourts.gov**

**In re**:

Mary C. **Lemmon**,

Debtor.
_____/

Case No. 11-11585-JKO

Chapter 13

**ORDER CONTINUING AUGUST 29, 2011 SHOW-CAUSE HEARING TO NOVEMBER 1, 2011**

On August 29, 2011, the court conducted a two-hour evidentiary show cause hearing regarding its July 13, 2011 Order to Show Cause. *See* [ECF Nos. 43 & 45]. For the reasons below, it appears that Stuart Golant, Esq. may suffer from declining cognitive functioning such that the Order to Show Cause should be discharged without sanction with respect to him. However, because Margery Golant, Esq. and Robert Gindel, Esq. appear to have conspired to circumvent orders of this court, a further show-cause hearing will be conducted to determine whether sanctions should be imposed against them.

[1]

*Background*

On April 7, 2011, the court entered an order directing Stuart M. Golant, Esq. to disgorge $3,774.00 to the Debtor. *See* [ECF No. 27]. The full text of the order is:

> Order Directing Stuart M. Golant, Esq. to Disgorge Fees. *** For the reasons stated on the record at the hearing conducted 04/06/2011 at 1:00 p.m., Stuart M. Golant, Esq. is directed to disgorge his $3,500.00 fee to Debtor Mary C. Lemmon. *See* ECF Nos. 4 & 13. He is further directed to reimburse Ms. Lemmon the $274.00 Chapter 13 filing fee. The total of $3,774.00 must be paid to Ms. Lemmon within fourteen (14) days of this order and Mr. Golant is directed to file a notice of compliance no later than April 21, 2011. *** SO ORDERED by The Honorable John K. Olson. (This is a text-only virtual docket entry with no underlying PDF image entered pursuant to Local Rule 5005-4(F) and Local Rule 9021-1(A). Stuart M. Golant, Esq. is directed to serve copies of this text-only order and file a certificate of service within 7 days.)

*Id.* Although the deadline for Mr. Golant to file his Notice of Compliance was April 21, 2011, he did not do so until May 2, 2011. *See* [ECF No. 35]. The Notice of Compliance is signed by Mr. Golant and certifies that he has complied with the requirements of the April 7th order. *Id.*

On May 27, 2011, Robert C. Gindel, Esq. filed a Notice of Appearance on behalf of the Debtor, a motion to reinstate this case, and noticed that motion for a July 13, 2011 hearing. *See* [ECF Nos. 36, 37, & 38]. On July 12, 2011, at 7:59 p.m., Mr. Gindel filed a Notice of Withdrawal of the reinstatement motion which stated:

> NOW COMES the Debtor, Mary Lemmon, by and through the undersigned attorney and withdraws the Motion for Reconsideration fo [sic] Order of Dismissal and to Reinstate Case. By virtue of this withdrawal of the motion, undersigned counsel will not be appearing at the hearing thereon which had been set for July 13, 2011 at 1:00 PM.

*See* [ECF No. 42]. At the scheduled July 13, 2011 hearing, the Debtor appeared and was placed under oath. She testified that she neither authorized nor was informed by Mr. Gindel that he was withdrawing the motion to reinstate her case. She further testified that she had not received the

[2]

$3,774.00 which Mr. Golant was ordered to pay her, and that she first met with Mr. Gindel in Mr. Golant's office. The court accordingly entered an Order to Show Cause on July 13, 2011 which:

(1) directed Mr. Golant to appear and show cause why he should not be adjudged in contempt of court for failing to comply with the court's April 7, 2011 disgorgement order and for falsely certifying that he had complied with the terms of the order; and

(2) directed Mr. Gindel to appear and show cause why he should not be sanctioned for failing to properly represent his client.

*See* [ECF No. 43]. The Order to Show Cause scheduled the matter for July 26, 2011, and that hearing was continued to August 29, 2011. *See* [ECF No. 45].

### *The August 29, 2011 Evidentiary Show-Cause Hearing*

The court conducted a two-hour evidentiary show-cause hearing on August 29th and, based upon the record of that hearing, it appears that:

- Stuart M. Golant, Esq. has suffered declining cognitive functioning since July 2008 as a result of various medications and/or from the underlying conditions for which those medications were prescribed;

- Mr. Golant's declining cognitive functioning includes, *inter alia*, confabulation, a condition where patients fill in memory gaps with false memories, perceptions, or beliefs;

- as a result of Mr. Golant's declining cognitive functioning, gaps in memory, and confabulation, Mr. Golant has made a number of misrepresentations to the court in this case and in Case No. 10-35182-JKO (*In re Janet Lott*);

- in an attempt to mitigate the consequences of Mr. Golant's declining cognitive functioning, his wife and law partner, Margery Ellen Golant, Esq., undertook to have Robert C. Gindel, Esq. appear in court as attorney of record on Mr. Golant's bankruptcy cases, with Golant & Golant, P.A. to continue to do all "leg work" on those cases;

- in furtherance of their arrangement to have Mr. Gindel appear as attorney of record in Stuart Golant's cases, Margery Golant and Robert Gindel willfully conspired to avoid having Golant & Golant, P.A. disgorge fees under the terms of the court's April 7, 2011 order in this case;

- in furtherance of the arrangement to have Mr. Gindel appear as attorney of record in Stuart Golant's cases, Margery Golant and Robert Gindel willfully conspired both to avoid disgorgement as well as avoid the court's prohibition of bankruptcy practice by Stuart Golant in this court's April 7, 2011 order in Case No. 10-35182-JKO (*In re Janet Lott*);

- in furtherance of the arrangement between Margery Golant and Robert Gindel, Margery Golant called a meeting on April 26, 2011 at the law offices of Golant & Golant, P.A., where Stuart Golant, Margery Golant, Robert Gindel, and Debtor Mary C. Lemmon were present;

- in furtherance of the arrangement between Robert Gindel and Margery Golant, Robert Gindel filed a new Chapter 13 case on behalf of Debtor Janet Lott on May 5, 2011 (Case No. 11-22429-JKO, *In re Janet Lott*) and Mr. Gindel filed a notice of appearance and motion to reinstate Debtor Mary Lemmon's case on May 27, 2011;

[4]

- Mr. Gindel's notice of appearance and motion to reinstate on behalf of Debtor Mary C. Lemmon, along with Ms. Lemmon's August 29, 2011 testimony (that she believed she would be represented on a going forward basis by both Mr. Golant and Mr. Gindel) supports a finding that an attorney-client relationship existed between Debtor Mary Lemmon and Attorney Robert Gindel; and

- on July 12, 2011, the day before the hearing on Ms. Lemmon's reinstatement motion, Mr. Gindel withdrew the motion to reinstate Ms. Lemmon's case without consulting his client.

## *Discussion*

The bankruptcy court's authority to control the conduct of parties before it – including to determine whether a party should be sanctioned for contemptuous conduct – is based both upon 11 U.S.C. § 105 and the inherent power of federal courts. *See In re Evergreen Security, Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009); *Hardy v. Internal Revenue Service (In re Hardy)*, 97 F.3d 1384, 1389-90 (11 Cir. 1996), *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1574-75 (11th Cir. 1996); *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1447 (11th Cir. 1985) ("Even absent explicit legislative enactment, deeply rooted in the common law tradition is the power of any court to manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it."). Moreover, "Section 105 authorizes the Bankruptcy Court, even sua sponte, to take any action necessary or appropriate to enforce or implement orders of the Court or the Rules or to prevent an abuse of process." *In re Creative Desperation, Inc.*, 415 B.R. 882, 895 (Bankr. S.D. Fla. 2009) (citing *In re GGC Associates, Ltd.*, 178 B. R. 862 (Bankr. M.D. Fla. 1995)).

Further, in the State of Florida, regulation of lawyer conduct flows in part from the Rules Regulating the Florida Bar ("Florida Bar Rules").  The Florida Bar Rules demand that "All members of The Florida Bar . . . comply with the terms and the intent of the Rules of Professional Conduct as established and amended by this court."[1] The Florida Rules further explain that "Violation of the Rules of Professional Conduct as adopted by the rules governing The Florida Bar is a cause for discipline."[2]

The Florida Bar Rules address candor toward the tribunal in Rule 4-3.3, which prohibits, among other things, a lawyer knowingly making "a false statement of fact or law to a tribunal" or failing "to correct a false statement of material fact or law previously made to the tribunal by the lawyer." In *Creative Desperation*, a motion for sanctions and contempt was brought against a debtor's attorney. *Creative Desperation*, 415 B.R. at 895-896.  This court found, among other infractions, that the debtor's attorney violated his duty of candor to the court by filing documents and making false assertions. *Id.* at 898.  Similar to the debtor's attorney in *Creative Desperation*, Mr. Golant violated his duty of candor to the tribunal by filing a document making a false assertion – *i.e.*, that he had disgorged funds pursuant to this court's order.  While this conduct would ordinarily subject Mr. Golant to sanctions, evidence has been presented showing Mr. Golant's declining cognitive functioning and confabulation.  Mr. Golant's condition is a mitigating factor such that the court may choose to discharge the July 13, 2011 Order to Show Cause without imposing any additional sanction upon Mr. Golant.  However, in an attempt to mitigate the consequences of Mr. Golant's declining cognitive functioning, Mrs. Golant and Mr. Gindel appear to have willfully conspired to circumvent two disgorgement orders, and appear to

---

[1]  Florida Bar Rule 1-10.1.
[2]  Florida Bar Rule 3-4.2.

have willfully conspired to circumvent the court's prohibition of Mr. Golant's practice of bankruptcy law.

Further, while engaged in the endeavor to skirt the authority of this court, Mr. Gindel appears to have violated his duty of communication under Florida Rule 4-1.4 which prohibits, among other things, failure of a lawyer to "reasonably consult with the client about the means by which the client's objectives are to be accomplished" and "keep the client reasonably informed about the status of the matter."[3]  A lawyer also has a duty to "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."[4]  Mr. Gindel appears to have breached his duty to communicate by failing to inform the Debtor that the motion to reinstate her case had been withdrawn.  Even worse, he neglected to even show up at the July 13th hearing, which placed the Debtor in the dangerous position of appearing *pro se*.   It accordingly appears that the culpable conduct here lies with Mrs. Golant and Mr. Gindel, not Mr. Golant.

In *Creative Desperation*, this court suspended that debtor's attorney from practice in the Southern District of Florida for six months and sanctioned him in the amount of $92,514.00, "representing a reasonable sum of attorney's fees and costs incurred by the estate." *Creative Desperation*, 415 B.R. at 898.  This court explained that The Florida Bar's Standards for Imposing Lawyer Sanctions provides, at 7.1, that "Disbarment is appropriate when a lawyer intentionally engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system."  The court finds that a similar measure of sanction may be appropriate for Mrs. Golant and Mr. Gindel.

---

[3] Florida Bar Rule 4-1.4(a).
[4] Florida Bar Rule 4-1.4(b).

*Conclusion*

This Court has already ordered disgorgement of fees by Golant & Golant, P.A., and has already imposed a fine. Stuart Golant, Esq. appears to suffer from declining cognitive functioning such that the July 13th Order to Show Cause may be discharged without further sanction against him. However, because Margery Golant, Esq. and Robert Gindel, Esq. appear to have conspired to circumvent orders of this court, a further show-cause hearing will be conducted to determine whether sanctions should be imposed against them. Mrs. Golant and Mr. Gindel appear to have engaged in deceptive behavior which may render them a "potentially serious danger to the public."[5] The continued show cause hearing will address potential sanctions including but not limited to suspension from practice in this court.

It is accordingly **ORDERED** that:

1. The August 29, 2011 evidentiary show-cause hearing in this matter is **CONTINUED to November 1, 2011 at 1:30 p.m.** in Courtroom 301, 299 East Broward Blvd., Fort Lauderdale, Florida to consider whether sanctions should be imposed upon Margery Ellen Golant, Esq. and Robert C. Gindel, Esq. as well as to consider whether the July 13, 2011 Order to Show Cause should be discharged without imposing further sanction upon Stuart Golant, Esq.

2. In light of Stuart Golant, Esq.'s apparent incapacity, a copy of this order shall be provided to The Florida Bar.

# # #

*The Clerk of Court is directed to provide copies of this order to all interested parties registered to receive notice.*

CC:   Adria E. Quintela, Chief Branch Discipline Counsel
      Lake Shore Plaza II
      1300 Concord Terrace Suite 130
      Sunrise, FL 33323

---

[5] Florida Standards for Imposing Lawyer Sanctions, at 7.1.